IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ANTWON D. JENKINS,

Defendant.                                  Case No. 12-CR-30239-DRH-1

## MEMORANDUM & ORDER

HERNDON, Chief Judge:

### CONTESTED MOTIONS *IN LIMINE*

The following contested motions *in limine* are now before the Court: the government's fourth motion *in limine* to preclude defendant from raising constitutional issues and/or a potential punishment (Doc. 180); the government's sixth motion *in limine* to preclude evidence of the victim's reputation and prior arrests (Doc. 182); the government's seventh motion *in limine* to admit the testimony of Minnie Gray (Doc. 183); and the government's eighth motion *in limine* to preclude defendant from raising Orlando Ward's criminal history (Doc. 186). Additionally, defendant Antwon D. Jenkins (Jenkins) moves to suppress introduction of firearm during government's case in chief consistent with the proffer agreement between defendant and government, in his response to the government's fourth motion *in limine* (Doc. 190).

**The Court hereby finds as follows:**

**1. Government's Fourth *in Limine* to Preclude Defendant From Raising Constitutional Issues and/or Potential Punishment (Doc. 180)**

The government requests an Order prohibiting defense counsel and/or Jenkins from contesting the legality of any Fourth or Fifth Amendment issues in this case, or mentioning or litigating any legal or constitutional issues.

In response, Jenkins moves to suppress introduction of the firearm, pursuant to the Proffer Agreement (Doc. 190). First, the Court notes that the government's notice of its intent to use proffer statements (Doc. 169) (filed under seal) is consistent with the Proffer Agreement. Similarly to Jenkins' unsuccessful motion to quash (Doc. 171) (filed under seal), Jenkins again contends the government is acting inconsistently with the Proffer Agreement[1] before the government's case-in-chief has even started. The Court must again reiterate that the government has not violated the terms of the Proffer Agreement. As to Jenkins' specific request that the Court suppress the firearm, it is **DENIED** (Doc. 190). The Court refers Jenkins to its previous Order denying his motion to quash wherein the Court alternatively noted that the investigators derivatively used information Jenkins provided to pursue investigatory leads, i.e., the location of the firearm. As Jenkins has not demonstrated that the government violated the terms of the Proffer Agreement, there is no reason to suppress the firearm. Thus, Jenkins' motion to suppress is **DENIED** (Doc. 190), and the government's request stated above is **GRANTED** (Doc. 180).

---

[1] The only specific limitation agreed to by the parties being: "no statements or information provided by your client during the 'off-the-record' proffer or discussion will be used against your client in any criminal case during the government's case in chief."

The government further seeks an Order prohibiting defense counsel and/or Jenkins from mentioning, arguing, or advising the jury of the potential penalties Jenkins faces at any time during the trial either directly or indirectly if he were convicted of the offenses charged in the indictment.  The government requests that this limitation specifically would include questioning Quavondris Graves on cross-examination about the specific sentence and sentencing guideline range he faces both before and after his cooperation.

It appears Jenkins does not object to the government's request.  To this extent, the government's request is **GRANTED**.  However, Jenkins seeks an additional limitation: no mention of any co-defendant's plea or sentencing for aiding and abetting kidnapping or firearm offenses as this unfairly prejudices the outcome of Jenkins' case by presuming guilt by association.  The Court finds Jenkins' requested limitation is inconsistent with any co-defendant's testimony concerning the facts of the case.  Under a FEDERAL RULE OF EVIDENCE 403 balancing test, this testimony may be prejudicial to Jenkins, but presumably any testimony by a cooperating witness will be prejudicial to Jenkins.  The prejudice of the jury knowing what the cooperating witness pled guilty to is outweighed by the probative nature of such testimony.  Moreover, the jury should be informed as to the witness' conviction so that it can weigh the credibility of the witness' testimony to determine whether it wants to believe him or not.  Ignorance as to this information would be unfair and inappropriate for both Jenkins and the jury.

Thus, Jenkins' request is **DENIED**. In summary, the government's request is **GRANTED** in its entirety (Doc. 180).

## 2. Government's Sixth *in Limine* to Preclude Evidence of the Victim's Reputation and Prior Arrests (Doc. 182)

The government moves *in limine* for an Order excluding evidence of A.H.'s alleged reputation as a burglar, his arrests for misdemeanor theft, manufacture/delivery of cannabis, and operating an uninsured motor vehicle, and his conviction for failing to obey a stop sign. Jenkins objects, citing Rule 609(a)(2) and the "probative value" of A.H.'s "recent involvement with a crime of dishonesty."

Jenkins' objection is overruled. The Court notes that at trial and in the context of specific objections that may arise as to testimony of this kind, the Court shall of course follow the applicable rules of evidence. As to the government's specific request herein, the Court first notes that Jenkins has not demonstrated the relevance of the above "criminal history," i.e., tendency to make a fact of consequence more or less probable. *See* Fed. R. Evid. 401. Second, Jenkins has not demonstrated that A.H.'s specific "criminal history" cited above is admissible under either Rule 608 or 609. Thus, the government's motion is **GRANTED** (Doc. 182).

## 3. Government's Seventh *in Limine* to Admit the Testimony of Minnie Gray (Doc. 183)

The government seeks an order admitting the testimony of Minnie Gray (Gray). To the extent that Gray's purported testimony consists of out-of-court

conversations with A.H., the government argues those conversations are admissible as either excited utterances under Rule 803(2) or as non-hearsay statements not offered for the truth of the matter asserted. Jenkins objects, arguing the government has not identified an appropriate hearsay objection.

Jenkins' objection is overruled. To be admissible as an excited utterance, the movant must demonstrate that "(1) a startling event occurred; (2) the declarant makes the statement while under the stress of excitement caused by the startling event; and (3) the declarant's statement relates to the startling event." *United States v. Vargas*, 698 F.3d 867, 877 (7th Cir. 2012) (*quoting United States v. Joy*, 192 F.2d 761, 766 (7th Cir. 1999)). On the basis of the government's motion, it has demonstrated that the alleged conversations fall under the excited utterance exception to the hearsay rules. Additionally, A.H. is expected to testify and be made available for cross-examination on these statements and thus there is no *Crawford* problem. *See Crawford v. Washington*, 541 U.S. 36 (2004). The government's motion is **GRANTED** (Doc. 183).

**4. Government's Eighth *in Limine* to Preclude Defendant From Raising Orlando Ward's Criminal History (Doc. 186)**

Finally, the government seeks an Order prohibiting Jenkins from mentioning, arguing, advising the jury or attempting to do so about Orlando Ward's (Ward) subsequent arrest, indictment, detention, and/or conviction in this Court. The government argues that because Ward's criminal acts and charges occurred after the facts of this case and because the government does not intend

to call Ward as a witness, any mention, argument, or advice about Ward's circumstances is irrelevant and inadmissible under Rule 403. Jenkins objects, arguing, "[i]t is quite feasible" that Ward's reputation as a "dirty cop" will need to be brought to the jury's attention.

Jenkins' objection is overruled. Jenkins fails to demonstrate how Ward and his criminal record are relevant. He fails to demonstrate that Ward in any way tainted the investigation in this case. Jenkins' argument would be appropriate if Ward testified and would then be subject to a test of credibility for the jury regarding that testimony. If he testifies, he is fair game for the defense. Otherwise, the Court will not allow the defense to simply raise the subject of Ward or any other public official in East Saint Louis, St Clair County, the State of Illinois, or the United States of America who has been convicted of a crime to suggest that somehow that has some relevance to Jenkins' guilt or innocence. If some evidence comes in to suggest that a part of the investigation was tainted or is suspect and that Ward is the source of that irregularity, defense counsel shall approach the Court out of the hearing of the jury before exploring the subject with any witnesses or making any such arguments. The government's request is **GRANTED** (Doc. 186).

**IT IS SO ORDERED.**

Signed this 4th day of March, 2014.

Digitally signed by
David R. Herndon
Date: 2014.03.04
16:30:27 -06'00'

**Chief Judge**
**U.S. District Court**