IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                                                                  No. 12-30239-DRH

ANTWON D. JENKINS,

Defendant.

### MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Pending before the Court is letter the Court received from Antwon Jenkins, *pro se*, which the Court construes as a motion for new trial (Doc. 248).   Based on the following, the Court **STRIKES** as untimely the motion.

On March 13, 2014, after a four day trial, a jury found Jenkins guilty of kidnapping in violation of 18 U.S.C. § 1201(a)(1) and carrying and using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) (Doc. 207).   Sentencing is set for August 22, 2014 (Doc. 239).   On August 8, 2014, Jenkins, pro se, filed the motion for new trial (Doc. 248).

Federal Criminal Rule 33 provides:

> (a) **Defendant's Motion.**   Upon the defendant's motion, the

court may vacate any judgment and grant a new trial if the interest of justice so requires. …
    **(b) Time to File.**
        **(1) Newly Discovered Evidence.** Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending the court may not grant a motion for new trial until the appellate court remands the case.
        **(2) Other Grounds.** Any motion for new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.

Further, the Seventh Circuit has adopted a four-part test to determine whether a motion for a new trial based on newly discovered evidence should be granted. Defendant "must show that the evidence (1) was discovered after trial; (2) could not have been discovered sooner with due diligence; (3) was material and not simply impeaching or cumulative; and (4) if presented at a new trial would 'probably result in acquittal.' " *U.S. v. Reyes,* 542 F.3d 588, 595 (7th Cir. 2008) (quoting *U.S. v. Palivos,* 486 F.3d 250, 255 (7th Cir. 2007)).

    Here, the Court finds that Jenkins is not entitled to new trial under Rule 33(a). Jenkins argues that he is entitled to a new trial because of police officer misconduct, prosecutorial misconduct and ineffective assistance of trial. In fact, Jenkins states in his motion: "I do agree that the majority of those issues have existed since 2012, but due to past problems with attorneys (discovery issues). I was not provided a timely opportunity, to address them." (Doc. 248, p. 1). Nothing in Jenkins' motion suggests that his motion is based on newly discovered evidence. Since Jenkins motion was not filed within the 14 days after the jury verdict, his

motion is untimely under Rule 33(b).

Accordingly, without addressing the merits of the motion, the Court **STRIKES as untimely** Jenkins' August 8, 2014 motion for new trial (Doc. 248).

**IT IS SO ORDERED.**

Signed this 11th day of August, 2014.

Digitally signed by David R. Herndon
Date: 2014.08.11 13:09:07 -05'00'

**Chief Judge
United States District Court**