# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

    **Plaintiff**,

v.                                                               No. 12-CR-30239-DRH-1

**ANTWON D. JENKINS**

    **Defendant.**

## MEMORANDUM and ORDER

**HERNDON, Judge:**

Now before the Court is defendant's motion for legal documents (Doc. 351). Based on the following, the Court denies the motion.

To obtain documents free of charge, a defendant must demonstrate: (1) exhaustion of *all* means of access to files (i.e. through his trial and appellate counsel), (2) financial inability to secure access to court files (i.e., including a certified copy of the prisoner's account for the previous 6-month period prior to filing), and (3) that documents requested are *necessary for the preparation of some specific non-frivolous court action*. See *United States ex rel. Davidson v. Wilkinson*, 618 F.2d 1215 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977). These minimal requirements do not impose any substantial burden to indigent prisoners who desire records be sent to them at government expense.

Here, Jenkins' motion is insufficient. First, he did not attach his prison trust fund statement and has not demonstrated that he exhausted means of access to his file. Further, case law indicates that defendant must first file a 28 U.S.C. § 2255 petition in order to obtain documents. *See United States v. Horvath*, 157 F.3d 131, 132-33 (2nd Cir. 1998) (collecting cases).

Accordingly, the Court **DENIES** defendant's motion (Doc. 351).

**IT IS SO ORDERED.**

Judge Herndon
2018.12.05
15:16:40 -06'00'

**UNITED STATES DISTRICT JUDGE**