# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 12-CR-30239-SMY-1 |
| ANTWON D. JENKINS, | ) ) ) |
| Defendant. | ) |

## ORDER

Pending before the Court are several motions filed by Defendant Antwon D. Jenkins. For the following reasons, the Court **ORDERS** as follows: the Motion to Supplement (Doc. 356) is **DENIED as moot**; the Motion to Amend/Correct (Doc. 357) is **DENIED as moot**; the Motion for a New Trial (Doc. 358) is **DENIED**; the Motion for Clarification (Doc. 365) is **DENIED**; the Motion for Status (Doc. 367) is **DENIED as moot**; the Motion for Grand Jury Transcripts (Doc. 368) is **STRICKEN**; the Motion for Release Pending Resentencing (Doc. 369) is **DENIED**; and the Motion to Halt Restitution Payment and for Copies (Doc. 371) is **DENIED**.

### Background

After a trial by jury, Defendant Antwon Jenkins was found guilty of kidnapping (Count 1) and carrying and using a firearm during and in relation to a crime of violence (Count 2), in violation of 18 U.S.C. § 1201(a)(1) and § 924(c)(1)(A)(ii), respectively. On August 22, 2014, he was sentenced to a total of 308 months incarceration – 188 months on Count 1 and 120 months on Count 2, to run consecutively (Doc. 261).[1] Jenkins filed a Notice of Appeal the same day (Doc.

---

[1] An Amended Judgment was entered on September 18, 2015 which modified Jenkins' conditions of supervised release only (Doc. 314).

263).[2]

On April 28, 2017, the Seventh Circuit Court of Appeals reversed Jenkins' conviction under § 924(c) only and remanded this matter for resentencing (Doc. 319). The Seventh Circuit found that pursuant to *Johnson v. United States*, __ U.S. __, 135 S.Ct. 2551 (2015) and *United States v. Cardena*, 824 F.3d 959 (7th Cir. 2016), § 924(c) was unconstitutionally vague. Specifically, the Court concluded that because kidnapping is not a crime of violence, Jenkins could not be sentenced under the Armed Career Criminals Act. The government appealed the ruling to the United States Supreme Court on July 19, 2017 (Doc. 336) and this matter was stayed pending resolution of that appeal (Doc. 337).

On May 14, 2018, the Supreme Court vacated the Seventh Circuit's decision and remanded the case for consideration in light of *Sessions v. Dimaya*, __ U.S. __, 138 S.Ct. 1204 (2018). On remand, the Seventh Circuit heard argument on November 2, 2018 and subsequently stayed the appeal pending a ruling in *United States v. Davis*, 903 F.3d 483 (5th Cir. 2018). The Supreme Court granted *certiorari* in that case on January 4, 2019. Jenkins has not been resentenced on Count 2.

Since the instant case was stayed, Jenkins has filed a spate of motions, including those currently pending. Some of those motions have been either stricken or denied (Docs. 339/340, (Motion to Transfer); Docs. 349/350 (Motion for Copies); Docs. 351/352 (Motion to Copy); Docs. 353/354 (Motion to Reconsider)). Jenkins also filed a Notice of Appeal as to the denial of copies (Doc. 359); those rulings were affirmed by the Seventh Circuit on March 12, 2019 (Doc. 366) which noted that Jenkins was not entitled to copies of the grand jury transcripts at this stage of the proceedings because his direct appeal is still pending (*Id.*). This Court now takes up Jenkins'

---

[2] A previously filed Motion for a New Trial pursuant to Federal Rule of Criminal Procedure 33 was stricken as untimely (Doc. 249).

remaining motions.

**Discussion**

1.     *Motion for a New Trial (Doc. 356)* is **DENIED**.  Jenkins seeks a new trial based on newly discovered evidence pursuant to Federal Rule of Criminal Procedure 33(b)(1) or dismissal of the indictment pursuant to Rule 12(b)(3)(A)(v).  Rule 33 motions must be filed within 14 days of the finding of guilt or within 3 years of the finding of guilt if based on newly discovered evidence.  Jenkins' motion is untimely because he was found guilty on March 13, 2014 – more than 4 years before he filed the motion on December 28, 2018.  To the extent Jenkins seeks relief under Rule 12(b)(3), the motion also is untimely in that regard.  Such motions "must be raised by pretrial motion if the basis for the motion is then reasonably available." *Id*.  Here, Jenkins challenges the grand jury proceedings, which he could have done before his trial, and asserts ineffective assistance of counsel, a claim that is best raised in a 28 U.S.C. § 2255 motion. *See Massaro v. United States*, 538 U.S. 500, 504 (2003).

2.     *Motions to Supplement/Amend Motion for A New Trial (Docs. 356 and 357)*:  In light of the foregoing ruling, these Motions are **DENIED as moot**.

3.     *Motion for Clarification (Doc. 365)* is **DENIED**.  Jenkins seeks clarification about the sentence he is currently serving in order to calculate good conduct credit.  He should seek clarification from the Bureau of Prisons as it is in the best position to determine the manner in which his sentence is being carried out.

4.     *Motion for Status (Doc. 367)* is **DENIED as moot** in light of the information being provided in this Order.

5.     **Motion for Grand Jury Transcripts (Doc. 368) is STRICKEN**.  This motion represents an improper attempt to appeal the Seventh Circuit's finding that Jenkins is not entitled to the grand

jury transcripts until he files a motion pursuant to 28 U.S.C. § 2255 (Doc. 366). As Jenkins has been instructed, he may file a § 2255 Motion after his direct appeal is resolved.

6. **Motion for Release Pending Resentencing (Doc. 369)** is **DENIED**. The proceedings in this case are stayed as to resentencing until the Supreme Court issues its decision in *United States v. Davis*. In any event, Jenkins' sentence for Count 1 (kidnapping) remains unaffected by the appellate action in this case. Regardless of how the Seventh Circuit decides Jenkins' appeal, he remains subject to the sentence imposed on Count 1 (188 months) plus a term of supervised release thereafter.[3]

7. **Motion to Halt Restitution Payment and for Copies (Doc. 371)** is **DENIED**. Defendants have no constitutional right to a complimentary copy of any document in their court files. *See United States v. Groce*, 838 F. Supp. 411, 413, 414 (E.D. Wis. 1993). Before providing copies free of charge, a district court may require the requestor to show: (1) that he has exhausted *all* other means of access to his files (*i.e.*, through his trial and appellate counsel); (2) that he is financially unable to secure access to his court files (*i.e.*, through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's trust account for the previous six-month period prior to filing); and (3) that the documents requested are necessary for some specific non-frivolous court action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977); *Groce*, 838 F. Supp. at 413-14. These minimal requirements do not impose any substantial burden to prisoners who desire their records be sent to them at government expense.

Jenkins has not made the requisite showing. He has not demonstrated through sufficient evidence that he is indigent, nor has he established that the requested document is necessary for

---

[3] In addition, Defendant was sentenced in *United States v. Jenkins*, 13-CR-30135-DRH-11, to a term of 27 months to run consecutively to the term imposed in this matter.

the preparation of a specific non-frivolous court action. Jenkins also has not demonstrated that he has exhausted other means of acquiring the documents, such as contacting his former counsel. If he wishes to pay for a copy of the requested documents, he will need to send a letter to the Clerk of Court and request the cost of production.

As to Jenkins' request to halt restitution payments pending his appeal, The Court notes that restitution was ordered to compensate Jenkins' victim for medical expenses incurred as a result of the kidnapping. As such, Jenkins' appeal with respect to his sentence on Count 2 will have no effect on the imposition of a restitution amount, and this Court is without jurisdiction to halt the payments as requested. *See United States v Goode*, 342 F.3d 741, 743 (7th Cir. 2003). Accordingly, the Motion is **DENIED** in its entirety.

**IT IS SO ORDERED.**

**DATED: April 22, 2014**

**STACI M. YANDLE**
**United States District Judge**